IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn A. Clark, #226228, | ) | Civil Action No. 3:07-1755-TLW-JRM |
|         Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden, McCormick Correctional | ) | **REPORT AND RECOMMENDATION** |
| Institution, | ) | |
| | ) | |
|         Respondent. | ) | |
| | ) | |

Petitioner, Shawn A. Clark ("Clark"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for murder with a two-year concurrent sentence for possession of a firearm by a person convicted of a violent crime. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. Clark filed an "Amendment of Habeas Corpus" on August 3, 2007. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on November 5, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on November 7, 2007, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on November 29, 2007. Respondent filed a supplemental return and memorandum on February 13, 2008.

**Procedural History**

Clark was convicted of shooting Johnny Jones to death outside a nightspot in Newberry County on August 16, 1991. He was convicted of murder by a jury on April 15, 1994. After the

verdict, he pled guilty to the weapons charge and was sentenced.  Clark was represented at trial by Jack B. Swerling, Esq.

    1.    Direct Appeal

Clark was presented by the South Carolina Office of Appellate Defense on appeal. A brief was filed raising the following issues:

    1.    The lower court erred in issuing an unconstitutional jury instruction on the standard of proof for a self-defense claim.

    2.    The lower court erred in issuing a burden shifting malice instruction to the jury.

    3.    The lower court erred in allowing the solicitor to make improper characterization about appellant during his closing argument in the case.

    4.    The lower court erred in accepting appellant's plea on a charge of unlawful possession of a pistol in the case.

(Res. Mem., Ex. 2).  Clark's conviction was affirmed by the South Carolina Supreme Court.  See State v. Clark, Mem. Op. No. 96-MO-012 (filed January 12, 1996) (App. 478).  The Remittitur was returned January 30, 1996.

    2.    Post Conviction Relief ("PCR")

Clark has collaterally attacked his conviction in the state courts on three occasions:

    a.    Clark v. Condon, 96-CP-36-368 ("Clark I")

Clark filed his initial PCR on December 5, 1996.  An evidentiary hearing was held on February 8, 1999.  Lisa Echols, Esq. represented Clark who appeared and testified.  Mr. Swerling testified for the State.  The PCR court issued its order of dismissal on March 8, 1999.

(App. 518). A <u>Johnson</u>[1] petition for writ of certiorari was filed in the South Carolina Supreme Court by the South Carolina Office of Appellate Defense (Res. Mem., Ex. 4) raising the following issue:

> Whether defense counsel was ineffective in failing to thoroughly investigate petitioner's case.

Clark filed a pro se petition raising the following issues:

> 1. Trial counsel failed to advise Petitioner of witnesses indicating another shooter at scene;
>
> 2. Trial counsel failed to move for change of venue;
>
> 3. Trial counsel ineffective in striking juror who knew a man Petitioner's brother had previously shot;
>
> 4. Second PCR counsel failed to investigate possible plea offer;
>
> 5. Trial counsel failed to object to solicitor's closing.

(Res. Mem., Ex. 5). The South Carolina Supreme Court denied certiorari on February 9, 2001. (Res. Mem., Ex. 6). The Remittitur was returned on February 27, 2001. (Res. Mem., Ex. 7).

    b. <u>Clark v. South Carolina</u>, 2004-CP-36-508 ("<u>Clark II</u>")

    Clark returned to the South Carolina courts on December 3, 2004 when he filed his second PCR. (Res. Mem., Ex. 8). The PCR court issued a conditional order of dismissal on June 27, 2005 finding <u>Clark II</u> to be successive and beyond the South Carolina statute of limitations. The court also addressed the merits of the application. (Res. Mem., Ex. 10). A final order of dismissal was issued on September 13, 2005 (Res. Mem., Ex. 12). Clark did not appeal.

---

[1] <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 2001 (1988).

      c.      <u>Clark v. South Carolina</u>, 2006-CP-36-105 (<u>Clark III</u>)

Clark filed his third PCR on March 27, 2006. (Res. Mem., Ex. 13). The PCR court issued a conditional order of dismissal on July 31, 2006 (Res. Mem., Ex. 15). A final order was issued on April 12, 2007. (Res. Mem., Ex. 16). A notice of appeal was filed. (Res. Mem., Ex. 17). The appeal was dismissed by the South Carolina Supreme Court on July 18, 2007. (Res. Mem., Ex. 18). The Remittitur was returned on July 6, 2007. (Res. Mem., Ex. 19).

## Grounds for Relief

In his present petition, Clark lists one ground for relief. In an amendment to his petition, he lists several more. The claims, renumbered and restated for clarity, are:

1. The State violated <u>Brady v. Maryland</u> by withholding exculpatory evidence including a police report, an ambulance report, an emergency room report, the autopsy report, and witness statements.

2. Trial counsel was ineffective for failing to obtain the aforesaid reports.

3. Trial counsel was ineffective because he did not inform Clark of a proposed plea offer.

4. The reports mentioned above constitute after discovered evidence which contradicts the evidence presented at trial.

5. The reports mentioned above contradict the allegations of the indictment.

6. Counsel in <u>Clark II</u> was ineffective.

## Discussion

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of

1966 ("AEDPA").  The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.  Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review.  Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction

become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing the doctrine does not apply. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004). It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Harris, 209 F.3d at 331.

Clark's conviction became final on January 30, 1996, prior to the effective date of the AEDPA. Therefore, he had until April 24, 1997 to file his petition in this court. Clark I was filed on December 5, 1996, which tolled the statute of limitations. The Remittitur in Clark I was returned on February 27, 2001, and the statute of limitations began to run again. Two hundred twenty-five days of untolled time lapsed between April 24, 1996, when the statute of limitations began to run, and December 5, 1996, when Clark I was filed. Therefore, Clark had 140 days after the resolution of Clark I, i.e., until July 17, 1997 to file his petition. He did not do so. Even if Clark II tolled the statute of limitations, which it does not, it was not filed until December 3, 2004, over six years later. Clark's petition is clearly time barred.

7

Clark does little to attempt to show his right to equitable tolling. In the space provided on the petition to address timeliness, Clark wrote "n/a." (Pet., p. 14). In his Roseboro response, Clark appears to argue that neither trial counsel nor appellate counsel informed him concerning a direct appeal and that he had no knowledge of his direct appeal until November 8, 2007. Even if this were true and would toll the statute of limitations, his assertion is clearly contradicted by the record. The PCR application in Clark I, which was filed December 5, 1996, states that Clark filed a direct appeal which the South Carolina Supreme Court "(a)ffirmed pursuant to Rule 220(b)(1), SCACR." (App. 482). Further, at the evidentiary hearing in Clark I, Clark testified that Wanda Haile from Appellate Defense represented him on direct appeal. (App. 497).

Clark appears to rely on his assertion that he should be allowed to proceed in this Court based on "after-discovered evidence." Both state and federal law address such a circumstance. Under South Carolina procedure, a convicted defendant may move "for a new trial based on after-discovered evidence...within a reasonable period after the discovery of the evidence." Rule 29(b), S.C. R.Crim.P. There is no indication in the record that Clark made such a post trial motion.

Instead, Clark sought to raise his issues through the PCR process. South Carolina law establishes a one-year statute of limitations for filing a PCR, but provides exceptions in limited circumstances. Pursuant to S.C. Code Ann. § 17-27-45(C):

> If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

8

A similar provision under federal law may apply to excuse procedural default.

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> > (A) the claim relies on– . . .
> >
> > > a factual predicate that could not have been previously discovered through the exercise of due diligence; and [] the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(28 U.S.C. § 2254(e)(2)).

The court in Clark III clearly found that Clark's claims of after-discovered evidence were barred because the factual basis of those claims could have been discovered through the exercise of due diligence. Clark has not met the high burden required by 28 U.S.C. § 2254(e)(2) quoted above.

## **Conclusion**

Based on a review of the record, it is recommended that the present petition be dismissed and that respondent's motion for summary judgment be granted.

    Respectfully submitted,

    s/Joseph R. McCrorey
    United States Magistrate Judge

June 25, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).