IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Shawn A. Clark,   #226228, ) | C.A. No. 3:07-1755-TLW-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Warden, McCormick Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1).  The respondents filed a return and motion for summary judgment on November 5, 2007.  (Docs. # 19 and # 20).  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed November 7, 2007 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement.  (Doc. # 22).  Petitioner filed his response to the respondents' motion for summary judgment on November 29, 2007.  (Doc. # 24).  Respondents filed a supplemental return and memorandum on February 13, 2008.  (Doc. # 26).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.).  In his Report, Magistrate Judge McCrorey recommends that the respondents' motion for summary

1

judgment be granted, and that this petition be dismissed. (Doc. # 32). Petitioner has filed objections to the Report. (Doc. # 34).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.[1]

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 32), petitioner's objections are **OVERRULED** (Doc. # 34); and respondents' motion for summary judgment is **GRANTED** (Doc. # 20) and this petition is **DISMISSED**.

---

[1] The Court does note what appears to be a typographical error on page seven of the Report. The Report reads "[t]herefore, Clark had 140 days after the resolution of Clark I, i.e., until July 17, 1997 to file his petition. He did not do so. Even if Clark II tolled the statute of limitations, which it does not, it was not filed until December 3, 2004, over six years later." As earlier established in the Report, the Remittitur in Clark I was returned on February 27, 2001. Therefore, it appears that Clark would have 140 days after the resolution of Clark I, i.e. until July 17, 2001 to file his petition. It appears that 1997 was erroneously inserted instead of 2001. Accordingly, Clark II, which was filed on December 3, 2004, was not over 6 years later, but over three and one half years later. As noted, this appears to be a typographical error which in no way alters the ultimate conclusion reached by the magistrate judge in the report and accepted by this Court.

2

**IT IS SO ORDERED.**

                                                s/ Terry L. Wooten

August 12, 2008                              **TERRY L. WOOTEN**
Florence, SC                                **UNITED STATES DISTRICT JUDGE**